
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NUSRAT BHATTI; ERFAN SEMUEL, individuals,<br><br>           Plaintiffs - Appellants,<br><br>  v.<br><br>GUILD MORTGAGE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOES, 1-10,<br><br>           Defendants - Appellees. | No. 12-35035<br><br>D.C. No. 2:11-cv-00480-JLR<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted December 2, 2013
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.**

---

  *      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **      The Honorable Stephen Joseph Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Plaintiffs Nusrat Bhatti and Erfan Semuel filed a complaint in Washington state court against Guild Mortgage Co. ("Guild") and Mortgage Electronic Registration Systems, Inc. ("MERS") for quiet title, declaratory judgment, and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601. Defendants removed to federal court based on federal question jurisdiction and filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Plaintiffs then filed a motion for leave to amend their complaint to add Washington state law claims for infliction of emotional distress, wrongful foreclosure under the Washington Deed of Trust Act ("DTA"), and violation of Washington's Consumer Protection Act ("CPA"). Plaintiffs then lodged a proposed amended complaint with the new causes of action. The district court granted defendants' motion to dismiss, granted defendants' motion to strike plaintiffs' amended complaint, and denied plaintiffs' motion to continue the motion to dismiss. Plaintiffs appealed only the dismissal of their state-law DTA and CPA claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

1. The district court did not abuse its discretion in ruling on defendants' 12(b)(6) motion when it did. Defendants filed a 12(b)(6) motion to dismiss on May 11, 2011, and plaintiffs did not lodge their proposed amended complaint until September 12, 2011. The district court still considered the allegations in the

proposed amended complaint, and correctly concluded that they were "conclusory" allegations" that could not support a claim for relief.

2. Defendants did not violate the DTA's requirement that a deed of trust's beneficiary hold the note when it appoints a successor trustee. Wash. Rev. Code § 61.24.005(2). MERS had assigned its beneficiary interest back to Guild, the note holder, when Guild appointed Northwest Trustee Services, Inc. as the successor trustee. Defendants therefore complied with the DTA's requirement that only beneficiaries who hold the note may appoint successor trustees.

3. Plaintiffs' CPA claim fails because they did not allege that MERS's temporary status as beneficiary caused them any injury. *See Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1061 (Wash. 1993) (stating that a CPA claim requires "a causal link between the unfair or deceptive act and the injury suffered"). Plaintiffs' foreclosure was not caused by a violation of the DTA because Guild was both the note holder and the beneficiary when it initiated foreclosure proceedings, and therefore the "cause" prong of the CPA is not satisfied.

Accordingly, the district court's judgment is AFFIRMED.